# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MARVIN KEY, :
      Plaintiff, :
: 
v. : 3:10-cv-909 (WWE)
:
WAL-MART STORES, INC., :
      Defendant. :

## RULING ON MOTION TO REMAND

Plaintiff Marvin Key commenced this action in Connecticut Superior Court with the filing of a complaint on May 7, 2010. On June 10, 2010, defendant Wal-Mart Stores, Inc. removed these proceedings to this Court pursuant to 28 U.S.C. § 1441(b) based on the existence of diversity jurisdiction. Plaintiff now moves to remand this proceeding back to state court arguing that the amount-in-controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a). For the following reasons, plaintiff's motion will be denied.

## BACKGROUND

The Court accepts all factual allegations of the complaint as true in determining whether the amount-in-controversy requirement is met.

Plaintiff Marvin Key is a former employee of defendant Wal-Mart Stores, Inc. He is a resident of the state of Connecticut. Defendant Wal-Mart Stores is a Delaware corporation with a principal place of business in Arkansas.

Plaintiff previously filed suit against defendant in this Court. The parties reached a confidential settlement agreement and general release dated December 30, 2005. The settlement agreement provided, in relevant part: "in calender year 2005: (1)

1

Wal-Mart, Inc. will issue a check for nineteen thousand dollars three hundred thirty three and 33/100 dollars ($19,333.33) to Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.; Wal-Mart Inc. will issue an IRS Form 1099 to Key reflecting payment." Plaintiff never received an IRS Form 1099 reflecting the payment despite having requested it. Defendant issued plaintiff a check in the amount of $10,333.33 on December 19, 2005, but issued a 1099-Miscellaneous Income form to the IRS in the amount of $13,333.33.

Because of this discrepancy, when plaintiff attempted to do his taxes for calendar year 2005, the IRS was under the impression that plaintiff had underreported his income. Plaintiff had to hire an attorney to correct this discrepancy before the IRS. He was able to prevail before the IRS by entering into a stipulation in August 2008. Despite this, he has had to pay legal fees and suffered damages. Plaintiff must further file an amended return once he receives the proper 1099 forms.

Pursuant to his complaint, plaintiff seeks damages for negligent breach of the settlement agreement (count one); double damages and attorney's fees for fraud (count two); damages in the amount of certain income taxes due the federal government under the settlement agreement based on a breach of contract claim (count three); and compensatory damages, costs, attorney's fees and punitive damages under the Connecticut Unfair Trade Practices Act (count four).

In his motion to remand, plaintiff estimates that he will recover no more than $10,000 for his claims under counts one and two, $5000 under count three and another $10,000 under count four, for a total recovery of between $20,000 and $30,000.

**DISCUSSION**

A party may remove a case from state court to federal court only if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). In order to demonstrate that removal is proper, the removing party bears the burden of showing the existence of federal jurisdiction. The rules regarding removal are to be strictly construed. In re Methyl Tertiary Butyl Ether Products Liability Litig., 342 F. Supp. 2d 147, 151 (S.D.N.Y. 2004).

Diversity jurisdiction only exists where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order to determine whether the amount in controversy requirement has been met, courts apply the legal certainty test. Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999). The test provides that if it appears to a "legal certainty" that the amount at issue is really less than the jurisdictional minimum, the court must remand the case. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

When making such a jurisdictional determination, the court defers to the claims set forth in the pleadings. "In determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not on the validity of any asserted defenses." Ochoa v. Interbrew America, Inc., 999 F.2d 626, 629 (2d Cir. 1993). In keeping with the standard for a motion to dismiss, "the jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits." Zacharia v. Harbor Island Spa, 684 F.2d 199, 202 (2d Cir. 1982). When there is uncertainty regarding the amount of damages able to be

recovered, "the doubt should be resolved in favor of the plaintiff's pleadings. The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved in favor of the subjective good faith of the plaintiff." Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 785-86 (2d Cir. 1994). Even where the allegations of the complaint "leave grave doubts" about the chances of plaintiff's recovery, remand is not warranted. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982). The court may look outside the pleadings "[w]here the pleadings themselves are inconclusive as to the amount in controversy." United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, 30 F.3d 298, 305 (2d Cir. 1994).

Plaintiff's estimate for his recovery is inconsistent with the relief requested in his complaint. In his estimate, plaintiff only aggregated the actual damages that he suffered for attorney's fees under count one, actual damages for fraud under count two, actual damages for his tax liability under count three and the "sum and total of the breaches" under count four. In the complaint, however, plaintiff seeks actual damages under each count; double damages and fees under count two; and costs, attorney's fees and punitive damages under count four. In light of this discrepancy between what the complaint seeks and what plaintiff estimates he will recover, the Court is hesitant to accept plaintiff's estimation of his recovery, especially considering that the amount-in-controversy is based on what plaintiff alleges, not on what he is likely to recover after trial.

Further, plaintiff's motion is couched in "probable" and "possible" language. As

to the recovery under counts one and two, plaintiff writes that such recovery "together probably would not be $10,000." As to count three, plaintiff writes that recovery "would probably be another $5,000." Plaintiff estimates as to his CUTPA claim that he will recover "maybe punitives keeping in mind that punitives are doubtful." This noncommittal language does not defeat defendant's estimation of total damages; at best, it creates a "grave doubt" of recovery that is insufficient to defeat jurisdiction. Because the Court cannot conclude to a legal certainty that plaintiff will not recover more than $75,000, the Court will deny plaintiff's motion to remand.

## CONCLUSION

For the reasons set forth above, plaintiff's Motion for Remand (Doc. #8) is DENIED.

Dated at Bridgeport, Connecticut, this 16th day of September, 2010.

                                       /s/
                               Warren W. Eginton
                               Senior United States District Judge